PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. CONFESOR MÉNDEZ, Defendant and Appellant.

No. 3619. Argued February 19, 1929.—Decided July 16, 1929.

*L. Muñoz Morales* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The information against the appellant originally also ran

against Martín Alvira and Manuel Martínez. The last named not only confessed but took the stand at the trial to charge Confesor Méndez with being the principal author of the burglary in this case. In other words, Martínez gave testimony tending to show that, while he was watching, Alvira entered a garage, took therefrom three automobile tires and delivered them to Méndez. According to Martínez, Confesor Méndez instructed the other two men to do other things about the garage, but the thing done was the entering and carrying away of the three tires. These tires were found in the possession of Confesor Méndez. The latter made no attempt to conceal his possession of them, but asserted that he simply bought them from one or other of the two defendants. Confesor Méndez took the stand to make these statements and his account of his possession was not seriously attacked on cross-examination.

It is urged on appeal that the evidence of Martínez, the alleged accomplice, was not sufficiently corroborated. Where a burglary is committed proof of possession of the goods taken is some evidence tending to connect the possessor with the crime. There was evidence tending to show besides that Méndez had negotiations with the owner of the automobile looking to the purchase of the same and was familiar with the premises.

Possession by itself is not enough to convict. The possession in this case was aided, for the purposes of prosecution, by the statement of the accomplice.

Similarly the statement of the accomplice was corroborated by the possession. Section 253 of the Code of Criminal Procedure is as follows:

"A conviction can not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof."

Possession of the objects taken by the burglars tended to connect the defendant with the commission of the offense and was therefore legally sufficient to submit the case to the verdict of a jury. The jury in this case found Confesor Méndez guilty.

We find no error, therefore, either in submitting the case to said jury or refusing to grant a new trial based on similar grounds.

Nor does it make any difference that Confesor Méndez was not actually present and did not personally enter the garage if, as the evidence tended to show, he designed or counseled the entry by the other. Section 36 Penal Code; *People* v. *Vélez,* 32 P.R.R. 355; *People* v. *Vélez et al.,* 36 P.R. R. 521.

Another ground of the motion for a new trial was newly discovered evidence. Some of this evidence tended to show that Alvira, the other accomplice, made statements to the detectives under compulsion. The detectives, at the trial, testified to the statements of Alvira. The judge who heard the affidavits for a new trial was the same one who presided at the trial. It was his privilege or duty to weigh the alleged newly discovered evidence to see whether from it a new trial should be ordered. We find no abuse of discretion in his refusal.

At the termination of the government's evidence the appellant made a motion of nonsuit. When it was overruled he presented his own evidence and we find no error in overruling the motion.

The fourth assignment of error is covered by the general consideration of this opinion.

The judgment will be affirmed.